IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Fredrick Goings (#M-36022), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20 C 1454 |
| | ) | |
| v. | ) | Hon. Marvin E. Aspen |
| | ) | |
| Randy Pfister, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Fredrick Goings, a state prisoner, alleges correctional staff wrongfully denied him access to a pillow in retaliation for filing grievances and lawsuits while being housed at Stateville Correctional Center between February 1, 2017, to January 5, 2018. Before the Court is Defendants' motion for summary judgment arguing that Plaintiff filed suit after the two-year statute of limitations had expired (Dkt. 59), to which Plaintiff has responded (Dkt. 74). For the reasons stated below, Defendants' motion (Dkt. 59) is granted.

**I. Summary Judgement Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v.*

*Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## II. Northern District of Illinois Local Rule 56.1

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information, in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted.) Local Rule 56.1(a)

requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). LR 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation." LR 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); LR 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." LR 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." LR 56.1(b)(3). Material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party. *Smith*, 321 F.3d at 683. A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment. (Dkt. 61.) Consistent with the local rules, Defendants also provided Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 62.)

In response, Plaintiff submitted a response to Defendants' motion for summary judgment (Dkt. 74) and a supplement to the response (Dkt. 75.) Plaintiff did not submit a response to

3

Defendants' statements of fact, so they are deemed admitted. Plaintiff's response sets forth his arguments in opposition to the motion for summary judgment and citations to certain records, including the ARB resolution of his December 14, 2017, grievance, dated February 7, 2018; Defendants answer to the amended complaint; and Plaintiff's declaration.

With the above discussion in mind, the facts below are taken from the Defendants' Local Rule 56.1 statements of material facts, Plaintiff's response to the motion, including the three documents submitted by Plaintiff, and any arguments made in Defendants' reply brief. (Dkt. 80.) The Court accepts as true any undisputed statements of fact from the parties' statements. Where the parties' statements are properly supported by the cited materials and are not otherwise disputed by the evidence raised by the opposing party, the Court considers those statements as undisputed. *See* LR 56.1(e)(3). The Court has carefully examined each response submitted by the parties for relevancy, evidentiary support, and admissibility in construing the facts of this case and gives deference to Plaintiff's version of the facts where they are properly presented and supported by admissible evidence. The Court will not consider purely legal arguments, responses lacking evidentiary support, or responses that are inconsistent with deposition testimony.

### III. Facts

Plaintiff Frederick Goings (No. M36022) is an inmate in the custody of the Illinois Department of Corrections and currently housed at Dixon Correctional Center. (Dkt. 61, Def. SOF ¶ 1.)

Defendant Myron Carswell is employed by the Illinois Department of Corrections as a correctional officer at Stateville Correctional Center. (*Id*. at ¶ 2.) Defendant Christopher Collaso is employed by the Illinois Department of Corrections as a correctional officer at Stateville Correctional Center. (*Id*. at ¶ 3.) Defendant Aleisha Flanagan is employed by the Illinois

Department of Corrections as a correctional counselor at Stateville Correctional Center. (*Id*. at ¶ 4.) Defendant Andrew Fox is employed by the Illinois Department of Corrections as a correctional sergeant at Stateville Correctional Center. (*Id*. at ¶ 5.) Defendant Nelson Holman is employed by the Illinois Department of Corrections as a correctional officer at Stateville Correctional Center. (*Id*. at ¶ 6.) Defendant Maurice Lake is employed by the Illinois Department of Corrections as a correctional major and shift supervisor at Stateville Correctional Center. (*Id*. at ¶ 7.) Defendant Justin Peters is a former correctional officer at Stateville Correctional Center. (*Id*. at ¶ 8.) Defendant Randy Pfister is the former warden of Stateville Correctional Center. (*Id*. at ¶ 9.) Defendant Thomas Scott is employed by the Illinois Department of Corrections as a correctional counselor at Stateville Correctional Center. (*Id*. at ¶ 10.) Defendant Demetrius Warr is a former correctional sergeant at Stateville Correctional Center. (*Id*. at ¶ 11.) Defendant Darwin Williams is employed by the Illinois Department of Corrections as an assistant warden at Stateville Correctional Center. (*Id*. at ¶ 12.) Defendant James White is employed by the Illinois Department of Corrections as a correctional sergeant at Stateville Correctional Center. (*Id*. at ¶ 13.)

20 Ill. Admin. governs the procedure by which an inmate exhausts his administrative remedies. Code § 504. (*Id*. at ¶ 16.) The first step in exhausting administrative remedies is that an inmate must file a grievance containing the factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involve in the complaint. (*Id*. at ¶ 17.) If the grieved issue remains unresolved after an inmate's counselor has reviewed the grievance, the grievance should be filed with the Grievance Officer at the inmate's correctional facility within 60 days of the occurrence. (*Id*. at ¶ 19.) After investigating the merits of the grievance, the Grievance Officer issues a report that includes the Grievance Officer's conclusions and recommendations. (*Id*. at ¶ 20.)

The Chief Administrative Officer of the facility, or his or her designee, reviews the Grievance Officer's Report, states whether he or she concurs or does not concur with the recommendations of the Grievance Officer, and then returns the grievance to the grieving inmate. (*Id*. at ¶ 21.) If, after receiving the Chief Administrative Officer's decision, the inmate feels that the issue is still unresolved, he may appeal the decision in writing to the Director of the Illinois Department of Corrections within 30 days for review by the Administrative Review Board. (*Id*. at ¶ 22.) The Administrative Review Board then reviews the appealed grievance, investigates the matter as necessary, and then submits a written report of its findings and recommendations to the Director of the Illinois Department of Corrections, who then reviews the report and makes a final determination on the grievance. (*Id*. at ¶ 23.) The Director's report is then provided to the grieving inmate. (*Id*. at ¶ 24.) Once the Director of the Illinois Department of Corrections has made a final determination with the respect to the grievance, an inmate's administrative remedies are exhausted. (*Id*. at ¶ 25.)

Plaintiff's claims in this matter arise out of allegations that Defendants wrongfully denied Plaintiff a pillow from February 1, 2017, until January 5, 2018. (*Id*. at ¶ 26.) On December 14, 2017, Plaintiff filed a grievance, in which Plaintiff claimed that he did not have a pillow and had been without a pillow since February 1, 2017. (*Id*. at ¶ 28.) In his December 14, 2017, grievance, Plaintiff claimed that he spoke with Defendants and others about his need for a pillow but still did not receive one. (*Id*. at ¶ 29.)

On January 5, 2018, Plaintiff's counselor responded to Plaintiff's December 14, 2017, grievance. (*Id*. at ¶ 30.) Plaintiff's counselor's response stated, "Per the clothing room supply supervisors, inmate was issued a pillow 1/5/18." (*Id*.) Plaintiff received a pillow on January 5, 2018. (*Id*. at ¶ 27.)

After he received his counselor's response on January 5, 2018, Plaintiff submitted his December 14, 2017, grievance for formal review by the Grievance Officer at Stateville Correctional Center. (*Id*. at ¶ 31.) The Grievance Officer at Stateville Correctional Center received Plaintiff's grievance on January 10, 2018. (*Id*. at ¶ 32.) On January 11, 2018, the Grievance Officer issued his Grievance Officer Report recommending that Plaintiff's grievance be denied. (*Id*. at ¶ 33.) In his Grievance Officer Report, the Grievance Officer stated, "Grievance Officer finds that per staff verification (Clothing Room Supervisor and Unit E Sgt.) offender is in possession of a pillow." (*Id*. at ¶ 34.)

On January 12, 2018, the designee of the Chief Administrative Officer concurred with the Grievance Officer's recommendation denying Plaintiff's December 14, 2017, grievance. (*Id*. at ¶ 35.) On January 15, 2018, Plaintiff appealed the denial of his grievance to the Director of the Illinois Department of Corrections for review by the Administrative Review Board. (*Id*. at ¶ 36.) On February 7, 2018, the Administrative Review Board issued its response to Plaintiff's December 14, 2017, grievance finding Plaintiff's grievance moot. (*Id*. at ¶ 37.) On February 7, 2018, the designee of the Director of the Illinois Department of Corrections concurred with the Administrative Review Board's recommendation finding Plaintiff's grievance moot. (*Id*. at ¶ 38.)

Plaintiff's initial complaint in this matter was filed on February 25, 2020. (*Id*. at ¶ 39.) Plaintiff attempted to file his initial complaint in this matter on February 23, 2020. (*Id*. at ¶ 40.) The Certificate of Service on Plaintiff's initial complaint states that "on February 23, 2020, Plaintiff Frederick Goings, a prisoner currently confined in segregation R6-A05, at the Illinois River Correctional Center, proceeding pro-se at this time declares pursuant to penalty of perjury that Plaintiff placed in the possession of prison staff (prison mail system) a sealed envelope containing the complaint together with this Certificate of Service (Bates Stamp #s 001-028) with

directions to the prison law library to properly scan and email the aforementioned documents using the CM/ECF system which will send notice of such filing to the parties entitled to receive notice." (*Id*. at ¶ 41.)

## IV. Analysis

Given these facts, Defendants move for summary judgment arguing that Plaintiff filed suit after the two-year statute of limitations expired. The statute of limitations for an action under 42 U.S.C. § 1983 filed in Illinois is two years, *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) ("The statute of limitations for § 1983 claims in Illinois is two years.") (Citations omitted); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (similar) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Moore v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014)), and accrues when a plaintiff knows or has reason to know of the injury that is the basis of his claim. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). However, the limitations period is tolled while an inmate exhausts administrative remedies, which is required before bringing suit. *See Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001); 42 U.S.C. § 1997e(a).

The statute of limitations begins to run on the date that the plaintiff knows or should know of the facts giving rise to his cause of action, tolls on the date that the plaintiff files a grievance, remains tolled throughout the grievance process, and begins to run again once the grievance process is complete. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) ("In this case, Gomez filed his emergency grievance on May 16, 2009. Thus, the statute of limitations was tolled from that date until the grievance process was complete.").

According to the record, Plaintiff filed his grievance on December 14, 2017. The grievance was resolved when the Administrative Review Board issued its final decision on February 7, 2018. *See, e.g., Gomez*, 680 F.3d at 864 (recognizing that "the statute of limitations was tolled...until the

grievance process was complete," and recognizing that the "date" that "the grievance process was complete" would be reflected in "the Administrative Review Board's final decision"); *Knox v. Hecht*, No. 17-cv-0571-SMY, 2017 U.S. Dist. LEXIS 195096, *6-7 (S.D. Ill. Nov. 28, 2017) (holding that the exhaustion process is complete on the date that the ARB rejects the grievance.) Thus, Plaintiff had two years from February 7, 2018, to file his lawsuit. He did not file the instant suit until, at earliest February 23, 2020, which appears to be too late and beyond the expiration of the statute of limitations.

However, Plaintiff makes several arguments as to why he is entitled to additional tolling. First, Plaintiff asserts that it is "logical" (Dkt. 74 at ¶ 19) and "common sense" (*Id*. at ¶ 61) that tolling should extend to the date that he actually *received* notice of the rejection of his grievance. In this case, that date is February 23, 2020, coincidentally the date that Plaintiff submitted his materials in this case to the Court to initiate suit.

There are two problems with Plaintiff's argument. First, it is unsupported by any legal authority and the Court is aware of no authority supporting the notion that tolling extends beyond the date of the ARB's final determination regarding the grievance to the date that the prisoner actually receives the notice of final determination. Plaintiff's notion is expressly counter to the Court's rulings that the exhaustion process is complete, and tolling ceases when the ARB issues its final determination. *See Gomez*, 680 F.3d at 864.

Second, Plaintiff also attempted to pursue the claim in this case in two prior lawsuits but was prevented from doing so because of the rules of joinder (Fed. R. Civ. P. 18 and 20) and *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).[1] In *Goings v. Jacob, et al*. Case No. 18 C 7218 (N.D.

---

[1] The Court has entered many orders in Plaintiff's various cases informing Plaintiff of the rules governing proper joinder (Fed. R. Civ. P. 18 and 20) and *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Due to Plaintiff's problematic pleading style (Plaintiff's first amended complaint in Case No. 18 C 7218 (Dkt. 13) was 112 pages long (all pleading), asserted claims against 28 named and several unnamed Defendants styled as 64 separate counts,

Ill) (Aspen, J.) (submitted to the Court on October 29, 2018.) Plaintiff raised the issue twice. (*See* Dkt. 1, at ¶¶ 49-53 and Dkt. 13, at ¶¶ 51-55). In *Goings v. Lake, et al*. Case No. 19 C 3102 (N.D. Ill.) (Aspen, J.) (submitted to the Court on May 8, 2019), Plaintiff also attempted to raise the claim underlying the present case. (*See* Dkt. 1, at ¶¶ 51-55).

The Court makes note of the fact that, contrary Plaintiff's argument that he was prevented from filing suit until he had actual knowledge of the ARB's final determination, Plaintiff was attempting to pursue the claim raised in the present case in multiple suits filed during the period of time while the claim was still timely. This flies in the face of Plaintiff's argument that he believed he could not file this suit until he received actual notice of the ARB's final determination of his December 14, 2017, grievance, purportedly on February 23, 2020.

While the Court makes no credibility findings on summary judgment, *see Omnicare, Inc. v. UnitedHealth Grp., Inc.,* 629 F.3d 697, 705 (7th Cir. 2011); *Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009), the Court strongly cautions Plaintiff against making such arguments that are not supported by the facts or the law in the future. The Court raises this concern specifically because Plaintiff has continually represented to the Court that prior to his incarceration he was licensed to practice law (*see, e.g., Goings v. Gunder, et al.*, Case No. 19 C 4745 (N.D. Ill.), Dkt. 6, ¶ 19), and, as such, Plaintiff is well aware of Fed. R. Civ. P. 11, and the Court's inherent authority to impose sanctions for bringing frivolous arguments before the Court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991).

In the alternative, Plaintiff takes a 180 degree turn from the prior discussed argument and

---

which by the Court's estimation contained no fewer than 12 separate and misjoined claims covering almost every aspect of prison life, the Court chose not to sever the claims and open new suits so as not to expose Plaintiff to the irrevocable obligation of paying the filing fees in as many as twelve suits. Instead, the Court dismissed the amended complaint without prejudice, instructed Plaintiff that he had to pick his claims, and explained proper joinder. Plaintiff subsequently was allowed to proceed on his chosen claim in Case No. 18 C 7218 and chose to file four additional suits Cases No. 19 C 3102, 19 C 4745, 19 C 5552, and the present case.

argues that the fact that he attempted to raise the claim underlying in this suit in prior filed lawsuits somehow tolls the statute of limitations in this case. Plaintiff is legally incorrect. *See Wilson v. Wexford Health Sources, Inc.,* 932 F.3d 513, 518 (7th Cir. 2019); *see also Elmore v. Henderson,* 227 F.3d 1009, 1011 (7th Cir. 2000) (if the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.)

In short, the grievance process ended for Plaintiff on February 7, 2018, and he failed to submit his materials to the Court until, at the earliest, February 23, 2020. There is no evidence in the record that Plaintiff did anything about investigating a final determination of his grievance during the more than two-years he waited to file this suit, as required. An inmate may not simply "file[] his grievance and then st[i]ck his head in the sand" if he hears nothing back. *Taylor v. Cook County*, No. 11 C 7427, 2013 WL 2285806, at *5 (N.D. Ill. May 23, 2013). If it was indeed the case that Plaintiff did not receive the final determination from the ARB until after the expiration of the statute of limitations, he could have filed suit, prior to the expiration on February 7, 2020, and argued that the grievance process was unavailable to him, and thus he had exhausted (which, in fact, was what Plaintiff was doing when he raised the claim underlying this suit (improperly as misjoined claims) in Cases No. 18 C 7218 and 19 C 3102, prior to the expiration of the statute of limitations.)

While Plaintiff does not argue the point, for the sake of completeness, the Court finds that he is not entitled to any kind of equitable tolling. Equitable tolling allows a plaintiff to avoid the effect of the statute of limitations if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S.

408, 418 (2005). While Plaintiff attempted to bring the claim underlying this suit in two prior complaints in earlier filed cases, which could be considered diligently pursuing his rights, there was no "extraordinary circumstance" standing in the way of filing the complaint in this case prior to February 7, 2020.

## V. Conclusion

For the reasons stated above, the Court grants Defendants' motion for summary judgment [59]. The Court enters judgment for Defendants because according to the record, Plaintiff filed this suit after the expiration of the two-year statute of limitations. This case is closed on the Court's docket.[2]

_____
Honorable Marvin E. Aspen
United States District Judge

Date: March 1, 2022

---

[2] If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi)